**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4054
_____

BARRY DOLIN,

Appellant,

v.

ASIAN AMERICAN ACCESSORIES, INC.;
PACIFIC SUNRISE INTERNATIONAL CO. LTD.;
JAY BARONOFF; and BRUCE WANG.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-07-cv-01095)
District Judge: Hon. Petrese B. Tucker
_____

Submitted under Third Circuit LAR 34.1(a)
October 27, 2011

Before: SLOVITER, GREENAWAY, JR. and ALDISERT, Circuit Judges.

(Filed October 28, 2011)

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

Barry Dolin appeals from the April 17, 2010, order of United States District Court

for the Eastern District of Pennsylvania dismissing his claims for lack of subject matter

jurisdiction. After reviewing the parties' contentions, we conclude that Dolin has not met 28 U.S.C. § 1332's amount in controversy requirement for federal diversity jurisdiction. We will therefore affirm the judgment of the District Court.

I.

Because we write primarily for the parties, who are familiar with the facts and the proceedings in the District Court, we will revisit them only briefly. Dolin had a sales commission agreement with Asian American Accessories ("AAA"), the terms of which entitled Dolin to a five-percent commission on sales of belts and wallets to Dolin's customers.

Dolin brought a breach of contract action for commissions that AAA allegedly owed him for his merchandise sales. Importantly, Dolin expressly identifies in his complaint only two customer accounts for which he seeks commissions: M. Aron and Swank, Inc. See App. 00019. No other account is named in the complaint, nor is any recovery sought besides recoupment of his contractual commissions at five percent.

On December 2, 2009, the District Court granted partial summary judgment against Dolin. Concluding that no genuine issue of fact existed regarding whether Dolin deserved commissions from AAA "on sales [Dolin] admitted he did not generate," the Court dismissed all of Dolin's claims for commissions related to Swank, Inc. See App. 00571, 00626. With the Swank commissions no longer in contention, the District Court noted that "the only genuine dispute" involved the M. Aron account. Dist. Ct. Order, Apr. 9, 2010, ECF No. 56. Sales to M. Aron during the time relevant here totaled $759,304.74. Id.  AAA paid commissions from those sales to another employee, Scott Weiner. Id.; App. 00676. Because total possible commissions that Dolin might collect from the M.

2

Aron account came to less than $40,000,[1] the District Court ordered the parties to brief the issue of subject matter jurisdiction.

In response, Dolin submitted an affidavit that baldly alleged damages exceeding $100,000, without substantiation or explanation. See App. 00749-00751. This amount is inconsistent with Dolin's complaint and his sworn testimony during discovery. The affidavit identified no additional customers from whose sales Dolin sought commissions. Accordingly, the District Court dismissed Dolin's claim with prejudice for lack of jurisdiction on September 17, 2010. Dolin timely appealed.

II.

We have appellate jurisdiction over the District Court's dismissal under 28 U.S.C. § 1291. We review a District Court's determination of its jurisdiction de novo. See Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 197 (3d Cir. 2007). If the District Court makes factual findings in determining jurisdiction, we review them for clear error. See Pennzoil Prods. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 200 (3d Cir. 1998). We will not disturb the District Court's factual findings unless its determinations "either (1) [are] completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bear[] no rational relationship to the supportive evidentiary data." Krasnov v. Dinan, 465 F.2d 1298, 1302 (3d Cir. 1972).

To invoke our diversity jurisdiction, a controversy must be between citizens of different states, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a)(1). Whether diversity jurisdiction exists is determined by examining "the facts as they exist when the complaint is filed." Newman–Green, Inc. v. Alfonzo–Larrain, 490 U.S. 826, 830 (1989); Grand Union Supermkts. of the V. I., Inc. v. H.E. Lockhart Mgmt.,

---

[1] $.05 \times \$759,304.74 = \$37,965.24$

3

316 F.3d 408, 410 (3d Cir. 2003). We discern the amount in controversy by consulting the face of the complaint and accepting the plaintiff's good faith allegations. See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961); Frederico v. Home Depot, 507 F.3d 188, 194 (3d Cir. 2007). "[E]stimations of the amounts recoverable must be realistic." Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 403 (3d Cir. 2004). "The inquiry should be objective and not based on fanciful, pie-in-the-sky, or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." Id. (quotation marks omitted). We will therefore dismiss a case for failure to meet the amount in controversy requirement, if, from that face of the complaint, it is a "legal certainty" that the plaintiff cannot recover $75,000, or if, from the proofs, it appears to a legal certainty that the plaintiff is not entitled to that amount. Frederico, 507 F.3d at 194; St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

## III.

The face of Dolin's complaint binds our inquiry. See Frederico, 507 F.3d at 194. The face of the complaint here reveals that the only accounts with commissions in contention are Swank and M. Aron. The District Court properly disposed of Dolin's Swank claims. Indeed, Dolin conceded in his deposition that he played no role in producing sales from Swank, see App. 00473-00474, 00493, and he had actual notice of AAA's decision to remove Swank from Dolin's customer list long before Swank entered into any transactions with AAA, see App. 00137-00139. We similarly disregard the Swank claims as meritless. The only controversy before us, therefore, involves damages arising from the M. Aron account.

After reviewing the record, two considerations lead us to the inexorable conclusion that the District Court correctly determined that the amount in controversy

4

misses the jurisdictional mark. First, AAA salesperson Scott Weiner—not Dolin—sold products to M. Aron between June 1, 2002 and May 31, 2003, and Weiner was compensated for those sales. Dolin had nothing to do with these sales. Notwithstanding his pleas to the contrary, Dolin is not entitled to frivolously claim Weiner's rightful commissions in an attempt to clear a jurisdictional hurdle. Although we generally accept good faith claims in calculating the amount in controversy, we are permitted to disregard a claim for jurisdictional purposes if, "from the proofs," it is a "legal certainty" that a plaintiff is not entitled to recover on a particular claim. Frederico, 507 F.3d at 194. It is certain that Dolin is not entitled to the M. Aron commissions.

Second, even if we were to credit Dolin's contentions that his entitlement to the M. Aron commissions is indeed now "in controversy," his contractual five-percent commission for those sales would amount to less than $40,000. Sales to M. Aron during the relevant time period totalled $759,304.74. Dolin stands to recover, at most, $37,965.24. This falls far short of the $75,000 threshold. We will not credit Dolin's fanciful conjectures in his post-complaint affidavits that he was entitled $40,000 on the M. Aron account, $32,000 in back charges, $55,000 in overlooked commissions, and $60,000 for being fired without notice. These claims do not appear in the complaint itself, and are, moreover, without merit. See App. 00747. "[E]stimations of the amounts recoverable must be realistic," and "not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts." Samuel-Bassett, 357 F.3d at 403. Without any recovery possible from the Swank account, it is a "legal certainty" that Dolin cannot recover $75,000 from the M. Aron account, even if he were entitled to those commissions. Frederico, 507 F.3d at 194. Neither we nor the District Court, therefore, have jurisdiction over Dolin's claims.[2]

---

[2] Dolin also contends that the District Court should have exercised its supplemental jurisdiction over his M. Aron claims. The Court's decision not to do so may only be

We therefore conclude that the District Court's dismissal for lack of jurisdiction was sound.

*****

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. The judgment of the District Court will be AFFIRMED.

---

reversed if it exceeded its discretion. See Figueroa v. Buccaneer Hotel, Inc., 188 F.3d 172, 175 (3d Cir. 1999). We conclude that the dismissal does not exceed the Court's discretion and therefore will not disturb the District Court's decision.